UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:

305 EAST 61st STREET GROUP LLC,

                  Debtor.

Chapter 11

Case No. 19-11911 (SHL)

------------------------------------------------------------x

**STIPULATION AND ORDER APPOINTING INTERIM MANAGER
AND RESOLVING MOTIONS OF UNITED STATES TRUSTEE AND
MARKS LP TO APPOINT A TRUSTEE**

    This Cause coming on to be heard on the motions to seek an order to appoint a Chapter 11 Trustee submitted by 305 E. 61st Lender LLC ("Lender") (Dkt. #37), the U.S. Trustee ("UST") (Dkt. #27) and Little Hearts Marks Family II, L.P. ("Marks LP") (Dkt. #26), the parties Marks, LP, Thaddeus Pollock, 61 Prime LLC and the Debtor (the "Parties") having met and conferred, the within Stipulation and Order resolves UST's Motion (Dkt. #27) and Marks LP's Motion (Dkt. #26), (collectively, the UST and Marks' Motions, the "UST/Marks LP Motions") the Parties and their respective counsel stipulate and agree as follows:

1. *Appointment and Powers of Interim Manager.* A majority of the members (the "Consenting Members") of 305 East 61st Street Group, LLC (the "Debtor" or "Company") consent and agree to the appointment of an interim manager. The interim manager shall function as sole manager of the Company with all of the rights to manage the affairs of the Company. In furtherance of that agreement, and without waiving any rights in regard to any right it may have to serve as manager, co-manager and/or appoint a manager in the future pursuant to the terms of the Operating Agreement, 61 Prime LLC resigns as manager of the Debtor effective as of the date this Stipulation is "So Ordered." Pursuant to Paragraph 9(B) and/or, as necessary, 9(M), of the Company's Operating Agreement dated April 13, 2016, as amended on April 13, 2016 and August 15, 2016 ("Operating Agreement"), the Consenting Members hereby appoint Nat Wasserstein of Lindenwood Associates, LLC, as Interim Manager ("Interim Manager") by the vote of the Consenting Members.

2. *Waiver of Right to Consent.*
    A. During the pendency of the Interim Manager's term, Prime and Marks LP waive any and all consent or other rights granted to them and either of them pursuant to Sections 9 and 11 of the Operating Agreement, other than:

1

a. pursuant to those portions of Paragraph 9, including but not limited to Paragraph 9(C)(ii) pertaining to the preparation and filing of the offering plan (and any amendments or other documents related thereto) with the NYS Department of Law to create the condominium regime for the Property, provided however, Prime reserves its right to review any such proposed filing and the Interim Manager shall not bind the Company on that matter without Prime's prior written consent;
b. pursuant to those portions of Paragraph 9, including but not limited to Paragraph 9(C)(viii) pertaining to elections under the Internal Revenue Code and Tax Regulations and other relevant tax laws as to all relevant matters and to revise the Operating Agreement to comply with the IRC as the Manager deems necessary and appropriate. For avoidance of doubt, Prime reserves its right to review any such tax matter (including but not limited to any proposed tax filing, amendment of prior tax filings and returns) and the Interim Manager shall not have the authority to bind the Company on tax matters without Prime's prior written consent;
c. pursuant to those portions of Paragraph 9, including but not limited to Paragraph 9(C)(ix) pertaining to admission of a substitute member and assignment of Membership Interest, provided however, Prime reserves its right to review any such proposed substitution and/or assignment of membership interest and the Interim Manager shall not bind the Company on that matter without Prime's prior written consent;
d. pursuant to those portions of Paragraph 9 or other parts of the Operating Agreement, including but not limited to those portions of Paragraph 9(K) that grants Prime the right to veto any portion of any Capital Call as that Capital Call pertains to Prime;
e. pursuant to Paragraph 11, the Manager shall be obligated to secure Prime's written approval prior to preparing and submitting to the NYS Department of Law any offering plan (or amendments or related documents).
f. To the extent Marks LP has rights similar to Prime in accordance with the above specified sections under the Operating Agreement, Marks LP also reserves any such rights.

All other rights and entitlements of Prime, Marks LP or any other member granted in, enumerated in or granted in any other portion of the Operating Agreement as amended shall remain in full force and effect and the Interim Manager, the Company and the members shall be bound by the terms contained therein.

B. Unless otherwise consented and agreed to in writing by a majority of the members (greater than 50% of the membership), any Interim Manager's Capital Call shall be subject to Bankruptcy Court approval, with each voting member reserving any and all rights under applicable law and pursuant to the terms of the Operating Agreement to oppose any such Capital Call, including without limitation Prime's right to veto a Capital Call as it pertains to Prime only, which right is expressly reserved and not diminished or waived in any respect whatsoever.

3. *Scope of Interim Manager's Powers*. In accordance with 11 U.S.C. § 363(c), the Interim Manager may take any action in the ordinary course of the Debtor's business without the need for prior approval from the Court. In accordance with Section 363(b) of the Bankruptcy Code, the Interim Manager must seek and obtain prior bankruptcy court approval of any transaction outside of the ordinary course of the Debtor's business, on notice to all members and all creditors and parties in interest who have filed a notice of appearance in this case.

4. *Replacement or Resignation of Interim Manager*. Notwithstanding any provision in the Operating Agreement to the contrary, the Interim Manager may not be replaced without further order of the Court. If the Interim Manager resigns or otherwise cannot serve, his successor shall be determined by Order of the Court. The Debtor's members may propose a replacement Interim Manager.

5. *Reservation of Rights*. Each member of the Debtor expressly retains all rights, remedies, claims and defenses that it may have against the Debtor and/or other members of the Debtor. By executing this Stipulation, no member is waiving any rights or entitlements that he or it may otherwise have against the Debtor or its other members.

6. *Insurance*. The Interim Manager shall immediately address and put in place the insurance required under the currently existing mortgage(s).

7. *Compensation*. The Interim Manager shall be entitled to receive from the Debtor's estate reasonable compensation for his services hereunder based on a rate of $425 per hour for actual time spent, plus reasonable out of pocket expenses. The reasonable fees and expenses of the Interim Manager shall be payable upon presentment of a monthly statement for services rendered and for reimbursement of expenses submitted to (a) the office of the US Trustee, (b) counsel for Little Hearts Marks Family II, LLC, (c) counsel for 61 Prime, LLC, (d) counsel for Thaddeus Pollock, and (e) counsel for 305 East 61st Street Group LLC. The Parties shall have ten (10) days from the receipt of any such fee and expense statements to indicate that it disputes all or part of such statement (which may be emailed). Upon the expiration of said ten (10) days, the Debtor shall pay the Interim Manager the undisputed portion of such fees and expenses from the Debtor's estate. Any disputes shall be submitted to the Bankruptcy Court for determination.

8. *Controlling Authority*. In the event of a conflict between the express terms of this Stipulation and Order and the Operating Agreement, the express terms of this Stipulation and Order and any modification thereto shall prevail. The Court shall have jurisdiction over any dispute regarding the terms of this Stipulation and Order.

9. *Termination of Interim Manager*. The Interim Manager shall serve until the earlier to occur of (a) the consummation of a confirmed Chapter 11 plan of the Debtor or (b) the

consummation of any sale of the Building or (c) upon further order of the Court in accordance with the Operating Agreement and applicable law. Upon any of the listed events, the Interim Manager shall submit his final report and invoice.

10. The UST/Marks LP Motions are hereby withdrawn without prejudice.

11. *Without Prejudice to Lender's Rights*. This Stipulation and Order is without prejudice to any and all rights of Lender whatsoever and Lender's pending motion to appoint a chapter 11 trustee for the Debtor (the "Lender's Motion") and any and all rights of any party opposing Lender's Motion are preserved.

12. *Other.* Without limiting the foregoing, nothing herein shall constitute a right of the Debtor to use any cash collateral of Lender or to charge Lender or any of Lender's collateral under Section 506(c) of the Bankruptcy Code for any compensation or expenses payable to the Interim Manager.

Dated: September 9, 2018
New York, New York

Agreed:

**Spence Law Office, P.C.**
Proposed Counsel for 305 East 61st Street
Group, LLC, Debtor

By: */s/ Robert J. Spence*
      Robert J. Spence, Esq.
      55 Lumber Road, Suite 5
      Roslyn, NY 11576
      Tel.: (516) 336-2060

**305 East 61st Street Group, LLC, Debtor**

By: */s/ Jason Carter*
      61 Prime LLC, Its Manager
      By: Jason Carter, Manager for 61 Prime LLC

**Little Hearts Marks Family II, L.P.**

By: */s/ Mitchell Marks*
By: Mitchell Marks, Its Manager

**Ganfer Shore Leeds and Zauderer, LLP**
Counsel for Little Hearts Marks Family II, LP

By: _/s/ Justin Bonanno_
Justin R. Bonanno, Esq.
360 Lexington Avenue
New York, New York 10017
Direct: 212.823.0920 Main: 212.922.9250

**Thaddeus Pollock**

By: _/s/ Scott A. Weiss_
Scott A. Weiss, Weiss & Weiss LLC
His Counsel
2000 Post Rd (#LL 106)
Fairfield, CT 06824
(203) 254.2707

**61 Prime LLC**

By: _/s/ Jason Carter_
　　　Jason Carter, Manager

**The Bresky Law Firm, PLLC**
Attorneys for 61 Prime, LLC

By: _/s/Kyle Mallary Halperin_
Kyle Mallary Halperin, Esq.
91-31 Queens Boulevard, Suite 520
Elmhurst, New York  11373
Telephone:   (718) 335-5400

**Dated: September 13, 2019**
So Ordered:

_/s/ Sean H. Lane_
Honorable Sean H. Lane
U.S. Bankruptcy Judge