| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | <u>NOT FOR PUBLICATION</u> |
| ------------------------------------------------------------x | |
| In re: | Chapter 11 |
| 305 EAST 61ST STREET GROUP LLC, | Case No. 19-11911 (SHL) |
| Debtor. | |
| ------------------------------------------------------------x | |

### <u>MEMORANDUM OF DECISION</u>

**A P P E A R A N C E S:**

**SILVERMAN ACAMPORA LLP**
*Counsel for Kenneth P. Silverman, Esq., the Chapter 11 Trustee*
 By:  Ronald J. Friedman, Esq.
        Justin S. Krell, Esq.
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753

**GOLDENBERG LAW, P.C.**
*Counsel for Little Hearts Marks Family II L.P.*
  By:  Andrew R. Goldenberg, Esq.
345 Seventh Avenue, 3rd Floor
New York, New York 10001

**STAMELL & SCHAGER, LLP**
*Counsel for Little Hearts Marks Family II L.P.*
  By:  Jared B. Stamell, Esq.
260 Madison Avenue, 16th Floor
New York, New York 10016

**MORITT HOCK & HAMROFF LLP**
*Counsel to Onestone 305, LLC*
  By:  Theresa A. Driscoll, Esq.
400 Garden City Plaza
Garden City, New York 11530

**THADDEUS POLLOCK**
*Pro Se*
86 Franklin Street, 5th Floor
New York, New York 10013

**ALSTON & BIRD LLP**
*Counsel for Jason D. Carter and 61 Prime LLC*
  By:    Gerard S. Catalanello, Esq.
         James J. Vincequerra, Esq.
90 Park Avenue
New York, New York 10016-1387

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the Creditor Trustee's motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure to approve a settlement between the Creditor Trustee and 61 Prime LLC ("Prime"), Jason Carter ("Carter"), and Lazarus 5, LLC ("Lazarus," and together with Prime and Carter, the "Carter Parties"). *See Creditor's Trustee's Motion Pursuant to Bankruptcy Rule 9019 for the Entry of an Order Approving a Settlement Agreement Between the Creditor Trustee, 61 Prime, LLC, Jason Carter, and Lazarus 5, LLC* [ECF No. 280] (the "Trustee's Motion"). The Creditor Trustee proposes a settlement that: (i) resolves all legal issues between the Carter Parties and the Creditor Trustee on behalf of the creditor trust established by the confirmed Chapter 11 plan in this bankruptcy case (the "Creditor Trust"), (ii) reduces the Carter Parties' claims by more than $18,000,000, from $60,901,051 to $42,500,000, and (iii) provides for a distribution of $650,000 from the available funds of the estate that would otherwise be distributed to the Carter Parties per their claims, as well as a distribution to the Creditor Trustee for the payment of his administration of the Creditor Trust. *Id.* at ¶¶ 1, 17. Under the settlement, the Carter Parties also have agreed to pay the unsecured creditors' claims in full from the Carter Parties' distribution on account of their claims and pursue all outstanding causes of actions and avoidance actions for the benefit of the Creditor Trust at the discretion of the Carter Parties. *Id.* at ¶ 17.

2

Three equity members of the Debtor— Little Heart Marks Family II L.P., Onestone 305, and Thaddeus Pollock—have filed objections to the settlement. *See Little Heart Marks Family II L.P.'s Objection to the Creditor Trustee's Motion Pursuant to Bankruptcy Rule 9019 for the Entry Approving a Settlement Agreement* [ECF No. 290] ("Little Heart Marks Objection"); *Limited Objection of Onestone 305, LLC to Creditor Trustee's Motion Pursuant to Bankruptcy Rule 9019 for the Entry Approving a Settlement Agreement Between the Creditor Trustee, 61 Prime, LLC, Jason Carter, and Lazarus 5, LLC* [ECF No. 298] ("Onestone 305's Objection"); *Thaddeus Pollock's Response to Creditor Trust's Objection to its Proof of Claim and Objection to Creditor Trustee's Motion Pursuant to Bankruptcy Rule 9019 for the Entry of an Order Approving a Settlement Agreement* [ECF No. 294].

## BACKGROUND

The Court assumes knowledge of the history of this case, which is set forth in the Court's recent decision in *In re 305 E. 61st St. Grp. LLC*, 2022 Bankr. LEXIS 2876 (Bankr. S.D.N.Y. Oct. 11, 2022). But a few basic facts bear repeating.

On June 10, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Trustee's Motion at ¶ 3. From the very beginning, this case was consumed by disputes between the equity members of the Debtor, who had sued one another in state court. *See* Hr'g Tr. 10:1-9, 31:2-5 (July 14, 2022). Given the continued warfare in the bankruptcy among the equity members—most notably between Jason Carter and his entities on the one hand and Little Heart Marks on the other—the Court approved the appointment of a Chapter 11 Trustee on October 24, 2019. Trustee's Motion at ¶ 7. Said another way, the Chapter 11 Trustee was appointed because the equity members could not agree on a path forward for the Debtor—in

3

particular for the development of the property at 305 East 61st Street (the "Property")—that was the Debtor's primary asset.

On August 30, 2019, the Carter Parties filed Proofs of Claims of $20,245,997.00 and $40,655,054.00 respectively, equaling to a total of $60,901,051. *Id.* at ¶ 5. Currently, $2,413,887 of unsecured claims are reflected on the Debtor's records. *Id.* at ¶ 6.

The Chapter 11 Trustee filed the *Chapter 11 Trustee's Plan of Liquidation under Chapter 11 of the Bankruptcy Code* (the "Plan") on May 12, 2020. Trustee's Motion at ¶ 10. The Plan provided for the sale of the Property and also established the Creditor Trust to which all of Debtor's remaining assets, including all avoidance action and causes of action, were transferred. *Id.* at ¶ 11. The Court entered an order confirming the Plan on August 21, 2020, approving the Creditor Trust and appointing Kenneth P. Silverman as the Creditor Trustee. *See Order Confirming Chapter 11 Trustee's Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [ECF No. 209].

### A. Relevant Standards

Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). As a general matter, "[s]ettlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate." *In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 641-642 (Bankr. S.D.N.Y. 2012); *see Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating*

4

*LLC)*, 478 F.3d 452, 455 (2d Cir. 2007) (settlements "help clear a path for the efficient administration of the bankrupt estate").

Before the Court approves a settlement under Bankruptcy Rule 9019, it must determine that the settlement is fair, equitable, and in the best interests of the estate. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-25 (1968); *Air Line Pilots Assoc. v. Am. Nat'l Bank & Trust Co. of Chi. (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 426 (S.D.N.Y. 1993). The Court need not decide the numerous issues of law and fact raised by the settlement, "but must only 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'" *In re Adelphia Commc'ns Corp.,* 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005). Rather than "conduct[ing] a 'mini-trial,'" the Court must only "be apprised of those facts that are necessary to enable it to evaluate the settlement and to make a considered and independent judgment." *In re Adelphia*, 327 B.R. at 159.

The decision to approve or deny the settlement lies within the discretion of the bankruptcy court. *See Vaughn v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Burnham Lambert Grp., Inc.),* 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see also Nellis v. Shugrue*, 165 B.R. 115, 122-23 (S.D.N.Y. 1994). "This discretion should be exercised in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998) (citing cases). In evaluating the necessary facts, the court may rely on the opinion of the debtor, parties to the settlement, and the professionals. *See In re Chemtura Corp.,* 439 B.R. 561, 594 (Bankr. S.D.N.Y. 2010); *In re Purofied Down Prods. Corp.,* 150 B.R. 519, 522-23 (Bankr. S.D.N.Y. 1993). "While the bankruptcy court may consider the objections lodged by parties in interest, such objections are not controlling. . . . [T]he bankruptcy court must still make informed and independent judgment." *In re WorldCom, Inc.,* 347 B.R. 123, 137

5

(Bankr. S.D.N.Y. 2006). And, "[a]lthough courts have discretion to approve settlements, the business judgment of the debtor in recommending the settlement should be factored into the court's analysis." *In re MF Global Inc.*, 2012 WL 3242533, at *5 (Bankr. S.D.N.Y. Aug. 10, 2012).

In the Second Circuit, the *Iridium* case directs courts to balance seven interrelated factors in determining whether a settlement is fair and equitable. Those factors are:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits;
>
> (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment;
>
> (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement";
>
> (4) whether other parties in interest support the settlement;
>
> (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement;
>
> (6) "the nature and breadth of releases to be obtained by officers and directors"; and
>
> (7) "the extent to which the settlement is the product of arm's length bargaining."

*In re Iridium,* 478 F.3d at 462.

Where most or all of the factors are satisfied, the settlement should be approved. *See In re Ben-Artzi*, 2021 Bankr. LEXIS 3377 (Bankr. S.D.N.Y. Dec. 10, 2021) (approving a settlement where most but not all of the *Iridium* factors were satisfied).

6

B. **The Settlement Meets the Standard For Approval Under *Iridium***

Applying these principles here, the Court approves the Trustee's Motion.

Looking to the first *Iridium* factor, the settlement's benefits are reasonable given the likelihood of the success of the litigation. The settlement provides for a full payment to all unsecured creditors and reduces the claim amount by more than $18,000,000. *See* Trustee's Motion at ¶¶ 1, 17. In contrast, continuing to litigate the Carter Parties' case would be a lengthy and costly process whose outcome is uncertain. *See id.* at ¶ 24. Therefore, the first factor weighs in favor of approving the settlement.

Moving on to the second factor, it is clear that there is a likelihood of long and protracted litigation absent the settlement. From the outset, the bankruptcy has been fraught with litigation. *See* Hr'g Tr. 10:1-9, 31:2-5 (July 14, 2022). Since the settlement will work towards a resolution of these disputes, saving time and money in the process, the second factor also favors approving the settlement.

In assessing the first and second *Iridium* factors, the Court notes that litigation among the principles here has been extensive and costly, and the outcome of future litigation appears uncertain. The Court notes that the parties' disputes—which centered on how the Debtor and the Property were run before bankruptcy—continued into the bankruptcy and were vigorously debated at various points in time by the parties before the Chapter 11 Trustee was appointed. None of these disputes had obvious answers, which was the primary reason that the Chapter 11 Trustee was appointed.

Looking at the third *Iridium* factor, the unsecured creditors will benefit from the settlement, as they will be fully paid. Trustee's Motion at ¶¶ 1, 17. Additionally, as there is a limited amount of money in the estate, it is in the best interest of all the creditors that the

7

settlement happen now instead of a long and protracted litigation where such litigation could dissipate the very funds that would be used to pay creditors. *See* Hr'g Tr. 13:21-14:2 (July 14, 2022). Therefore, despite the members' objections, the settlement is found to be in the interest of the creditors.

As to the fourth, fifth, and seventh factors, it is not clear whether other parties of interest support the settlement. However, it is clear that counsel for those who support the settlement is experienced and have negotiated at arm's length, taking into account all the relevant facts. As to these two factors, it is highly relevant that the Creditor Trustee—the same individual that was the Chapter 11 Trustee during the Debtor's bankruptcy proceedings— is a party on one side of the settlement. Unlike the warring equity holders, the Creditor Trustee is an impartial, disinterested party and does not have a personal economic stake in the outcome of this case. Nor is the judgment of the Creditor Trustee clouded by the personal animosity that plagues the warring equity members.

As to the remaining factors, four and six, the Court concludes that they do not materially affect the analysis here. As to factor four, three equity members oppose the settlement while another equity holder is a settling party. There have been no objections from unsecured creditors, which is not surprising as the settlement provides that allowed unsecured claims will be paid in full. As for factor six, the Carter Parties will be receiving a release under the settlement, but such a release is necessary to truly turn the page on the thicket of litigation that has been the most significant hurdle in this bankruptcy case.

Finally, the Court wants to address three of the specific objections made to the settlement. First, the Court rejects the notion that the settlement seeks to impermissibly alter the terms of the Plan or run roughshod over the priority scheme of the Bankruptcy Code. For the reasons set

forth in the reply filed by the Creditor Trustee, the settlement does no such thing.  *See Creditor Trustee's Reply in Further Support of Creditor Trustee's Motion Pursuant to Bankruptcy Rule 9019 for the Entry of an Order Approving a Settlement Agreement Between the Creditor Trustee, 61 Prime, LLC, Jason Carter, and Lazarus 5, LLC* [ECF No. 296].  In reaching this conclusion, the Court notes that there is a reserve for holders of unliquidated general unsecured claims in Class 5, ensuring their payment.  Moreover, the Court notes that payment of the allowed claims of the Carter Parties is for a *pro rata* share of the Creditor Trust proceeds on a *pari passu* basis with the Class 4 and 5 claimants, a treatment consistent with the confirmed Plan and the Bankruptcy Code.

Second, the Court explicitly rejects the notion that the Carter Parties' claims are without value for the purposes of settlement.  While that certainly is the view of the objecting equity members, it is clearly not the view of the Creditor Trustee who entered into the settlement in his capacity as an independent fiduciary.  The Court agrees with the Creditor Trustee that the compromises embodied in the settlement are of value to the estate and form an appropriate basis for settlement under Rule 9019 and applicable law.  Indeed, the objecting parties conveniently ignore that the settlement guarantees the payment in full of all claims of non-insider creditors, a clear benefit to the estate that would not otherwise be achieved.

Third, it is not a basis to reject the settlement because claims against the Carter entities are being conveyed to the Carter Parties by the Creditor Trustee.  The record establishes that the Creditor Trustee has analyzed the value of such claims, has assessed the cost of pursuing such claims to conclusion, and weighed their value as compared with the value received by the Creditor Trustee under the settlement.  That is but one factor in assessing a settlement that takes a great stride forward in moving this case to a conclusion and avoiding further dissipating value

from additional litigation. The Little Heart Marks preference for ongoing litigation of all disputes was not a recipe for success at the beginning of this bankruptcy and remains a problematic vision for the case post-confirmation.

## CONCLUSION

For all the reasons stated above, the Court finds that the *Iridium* factors are satisfied and the approval of the settlement is well within the lowest point in the range of reasonableness. Accordingly, the Court approves the settlement. The Creditor Trustee should settle an order on five days' notice. The proposed order must be submitted by filing a notice of the proposed order on the Case Management/Electronic Case Filing docket, with a copy of the proposed order attached as an exhibit to the notice. A copy of the notice and proposed order shall also be served upon opposing counsel.

Dated: White Plains, New York
November 7, 2022

*/s/ Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE